## COWLES v. BICK.

[No. 23,552. Filed May 19, 1921. Rehearing denied October 25, 1921.]

1. LANDLORD AND TENANT.—*Lien on Household Goods Created by Lease.*—If a lien for some amount was created by the stipulation in a lease that "double the amount of rent specified for the time of such occupancy or possession" after failure to pay rent, shall be paid as "liquidated damages" and that "such sum shall be a lien upon the household goods and personal property of the leasee situated on the premises," it was not a lien of any higher or different kind than a chattel mortgage; in other

words, a lien created by contract upon the property of a debtor to secure payment of his debts. p. 247.

2. RECEIVERS.—*Appointment.*—*Validity.*—*Jurisdiction of Court.* —The court has no jurisdiction to appoint a receiver for personal property belonging to an individual on the ground of insolvency, or for any cause except in aid of the forclosure of a lien on the property. p. 248.

3. RECEIVERS.—*Appointment.*—*Validity.*—*Jurisdiction of Court.* —*Right of Possession of Property.*—Under the provision of the statute, §§8636, 8637 Burns 1914, Acts 1897 p. 271, the court has no jurisdiction to take from the owner the possession of his property because it was covered by a mortgage lien before final judgment foreclosing the lien, even where suit is brought to foreclose the mortgage, and has no right to appoint a receiver since the property consisted of household goods. p. 248.

From Lake Superior Court; *Walter T. Hardy,* Judge.

Action by Peter H. Bick against Irving Cowles. From an order appointing a receiver, the defendant appeals. *Reversed.*

*Fred Barnett,* for appellant.

*William J. Whinery,* for appellee.

EWBANK, J.—This was an appeal from an order appointing a receiver for the household goods and personal property of appellant situated in the apartment occupied by him as a residence. The complaint counted upon a written lease of said apartment from appellee to appellant, for a monthly rental payable on the first day of each month. It was filed on February 3, 1919, and alleged that the rent which fell due on February 1, was not paid; that the lease contained a covenant to "pay attorney fees which necessarily arise from the enforcement by the lessor of the covenants of this indenture made by the lessee," and that plaintiff was compelled to employ an attorney. The lease which was set out as part of the complaint stipulated that the lessee should pay double rent for any period of time when the premises were occupied after a failure to pay rent when due, "and that such sum shall be a lien upon the household

goods and other personal property of the lessee situated on the premises in favor of the lessor." And the enforcement and foreclosure of "said lien" was demanded by the complaint. It does not appear that any other pleadings were filed, and the record does not show that a writ of attachment was issued and served, though the verified application for the appointment of a receiver stated that the goods in question were attached. On February 12, 1917, appellee filed an affidavit stating that he had a "lien upon said personal property situated in said upper apartment," described as in the lease, and stating that such property consisted of "chairs, tables, beds, bedding, chiffoniers, book cases, sideboards, silverware, glassware, trunks, suitcases, chinaware, earthenware, dressers and other minor articles of household equipment and furniture," all "situated in said demised premises * * * mentioned and described in plaintiff's complaint," and that "plaintiff has a valid and existing lien upon said personal property situated in said upper apartment, as aforesaid, said premises having been leased and demised by plaintiff to defendant herein * * * that plaintiff's suit herein is one brought to foreclose plaintiff's lien upon said property." But no further particulars were given in the verified "application" as to the character of appellee's lien, or how it was created. This affidavit alleged that the property had been attached and was in the custody of the sheriff, but that "said defendant will attempt to claim his exemption and will in such manner attempt to get the possession of said property away from the sheriff," and carry it beyond the jurisdiction of the court. Appellant filed an affidavit that he was a resident householder, living with the family of which he was the head in the said leased apartment, and owned forty-five enumerated articles of household furniture, and a "set of dishes," a "set kitchen utensils," and a

"box of books," situated therein, which he claimed as exempt from execution. Three days were granted to prepare for a hearing, and the court enjoined the removal of any of said property from the leased apartment "until the further order of the court."

Appellant filed a counter affidavit asserting that he was a resident householder, the head of a family residing in Lake county, Indiana, that his household goods had been attached, but they were of less value than $600, and he had duly claimed them as exempt, and denied "that the plaintiff has a lien of any kind whatsoever against his said goods."

The record recites that "thereupon this cause is now submitted to the court for hearing on the plaintiff's verified application for the appointment of a receiver heretofore filed herein, and the defendant's answer thereto, heretofore filed; and the court, after considering said verified application and the answer thereto, and after hearing the arguments of counsel, and being sufficiently advised in the premises, finds for the plaintiff," etc., and thereupon proceeded to appoint a receiver for the property, described in the order of appointment as "said personal property described in plaintiff's complaint herein and said household goods of the defendant herein." Appellant duly prayed an appeal, filed a bond, and perfected his appeal to this court within ten days.

As was stated above, so far from disputing appellant's claim that he was a resident householder and entitled to claim these goods as exempt from seizure on attachment, appellee admitted those facts and urged them as a reason for the appointment of a receiver. And the only ground suggested for such appointment, either by the pleading or the verified application on which the appointment was made, was that appellee had a lien given to him by the terms of his lease, which he was seeking to foreclose.

A statute in force in this state provides as follows: "Section 1. * * * But every sale of household goods to satisfy a mortgage thereon shall be under a judicial proceeding, in which such mortgage shall be foreclosed, in the circuit or superior court.

"Section 2. The mortgagee of household goods shall not be entitled to the possession of the mortgaged property unless the mortgage specially provides that the mortgagee shall have possession of the mortgaged property from the time the mortgage is executed until sale, as provided in this act, and the mortgagee takes actual possession of such property when the mortgage is executed, * * *. *In all other cases the possession of the mortgaged property shall remain in the mortgagor until he is divested of his title by sale, as provided in section one of this act.*" (Our italics.) Acts 1897 p. 271, §§8636, 8637 Burns 1914.

Assuming for the purposes of the argument, without deciding, that some sort of a lien for some amount was created by the stipulation that "double the amount of the rent specified for the time of such occupancy or possession," after failure to pay rent, shall be paid as "liquidated damages," and that "such sum shall be a lien upon the household goods and personal property of the lessee situate on the premises," where suit was brought on February 3, to recover rent due (in advance) on February 1, and that this was an action to foreclose such lien, it was not a lien of any higher or different kind than a chattel mortgage; in other words, a lien, created by contract, upon the property of a debtor to secure payment of his debt. *Lumbert* v. *Woodard* (1896), 144 Ind. 335, 341, 43 N. E. 302, 55 Am. St. 175; 6 Cyc 985, 990.

The superior court had no jurisdiction to appoint a receiver for this personal property belonging to an in-

dividual on the ground of insolvency, or for any
2. cause except in aid of the foreclosure of a lien
on that property. *State* v. *Union Nat. Bank*
(1896), 145 Ind. 537, 550, 44 N. E. 585, 57 Am. St. 209.
And under the provisions of the statute above set out
it had no jurisdiction to take from the owner the pos-
session of his household goods because they were
3. covered by a mortgage lien before final judgment
foreclosing the lien, even where suit was brought
to foreclose the mortgage. So far as appellant's house-
hold goods were concerned the judgment exceeded the
jurisdiction of the trial court. And since it clearly ap-
pears that a substantial part, if not all, of the property
for which a receiver was appointed, consisted of house-
hold goods, the judgment must be reversed. *State* v.
*Union Nat. Bank, supra.*

The judgment appointing a receiver is reversed.